IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

ANDREW AIMEE KEEL,             )
    Petitioner,            )    Civil Action No. 11-318 Erie
                               )
v.                             )
                               )    Magistrate Judge Susan Paradise Baxter
SUPERINTENDENT COLEMAN, et al., )
    Respondents.           )

# OPINION AND ORDER[1]

Presently before the Court is a petition for a writ of habeas corpus filed by state prisoner Andrew Aimee Keel. He is challenging the judgment of sentence imposed upon him by the Court of Common Pleas of Erie County on July 14, 2008. For the reasons set forth below, the petition is denied and a certificate of appealability is denied.

## I.

**A.**     **Relevant Background**[2]

On May 5, 2008, Petitioner appeared before the Honorable Michael E. Dunlavey of the Court of Common Pleas of Erie County with his attorney, Gene Placidi, Esquire. He entered guilty pleas to charges of robbery, burglary, and theft by unlawful taking. His victim was a 90-year-old man. The Commonwealth *nolle prossed* the remaining charges of aggravated assault, receiving stolen property, and criminal mischief.

At the plea hearing, Petitioner was advised:

[Prosecutor]:  Now, no one can force you to enter a plea. No one can promise you anything to get you to enter a plea other than the plea bargain which will be stated in

---

[1]     In accordance with the provisions of 28 U.S.C. § 636(c)(1), the parties have voluntarily consented to have a U.S. Magistrate Judge conduct proceedings in this case, including entry of a final judgment.

[2]     Respondents have submitted the Common Pleas Court's file and relevant transcripts. The documents contained in the Common Pleas Court's file are indexed and numbered 1 through 48. They shall be cited to as "CP Dkt. No. ___."

1

> open court. You can't be threatened or coerced. You have to enter the plea knowingly and voluntarily. That means you have to know what you're doing and you have to voluntarily agree to do it, because what you're doing, in essence, is admitting your guilt to the crime that you're charged with or what you're pleading to.
>
> - - -
>
> When you come … forward individually for your personal colloquy, you will be advised of the maximum penalty you're exposed to under the law. That is the statutory maximum. That's not to say that's what you're going to get, because only a judge can decide your sentence, but under the law for the crime or crimes you're pleading guilty to the statutory maximum means that's the most you could get.
>
> - - -
>
> If there is a sentence recommendation made by the Commonwealth as part of the plea agreement, the judge does not have to follow that sentence recommendation, because sentencing is within his sole discretion. And he will make that known, but if he does not follow that sentence recommendation, then it doesn't give you an automatic right to withdraw your guilty plea.

(Plea Hr'g Tr. at 4-6).

During Petitioner's individual colloquy, the prosecutor discussed with him the document entitled <u>Defendant's Statement of Understanding of Rights Prior to Guilty Plea</u> (CP Dkt. No. 10), which he was to sign upon entering his plea. At paragraph four of that document, Petitioner acknowledged that he understood that: at Count 1 (robbery) he could receive up to 7 years of incarceration; at Count 2 (burglary) he could receive up to 20 years of incarceration; and, at Count 4 (theft by unlawful taking) he could receive up to 2 years of incarceration. Petitioner also was expressly advised at the hearing and in the document he signed that if the court decided to run his sentences consecutively *he could face a term of imprisonment of up to 29 years*. (CP Dkt. No. 10). During the plea hearing, Petitioner acknowledged that he understood that the court could sentence him to a term of that duration. (Plea Hr'g Tr. at 8-9).

At the conclusion of the hearing, Petitioner confirmed once again that he understood the possible sentence he faced. Judge Dunlavey then determined that he had voluntarily waived his right to trial:

2

> The Court: Mr. Keel, you signed this form…. Do you understand that a Docket Number 3027, Count 1 that you are facing a maximum 7 years in prison…. That at Count 2 a maximum of 20 years in prison… At Count Number 4 a maximum of 2 years in prison…? For a total maximum of 29 years, if you are given the maximum sentence consecutively.
>
> The Defendant: Yes, sir.
>
> The Court: Okay, having understood that, you have voluntarily waived your right to trial in order to enter this plea. Are you entering this plea because you committed these crimes?
>
> The Defendant: Yes, sir.
>
> The Court: All right. I'll accept your plea. You are scheduled for sentencing in this case before me on July 14, 2008[.]

(Plea Hr'g Tr. at 14-15).

Assistant Public Defender Nicole Sloane, Esquire, represented Petitioner at his July 14, 2008, sentencing hearing. Judge Dunlavey sentenced him in the standard range of 3-6 years on the robbery charge and in the aggravated range of 7-14 years on the burglary charge, to be served consecutively, for an aggregate term of 10-20 years of incarceration.[3] (CP Dkt. Nos. 16-16C).

Attorney Sloane filed an appeal to the Superior Court of Pennsylvania on Petitioner's behalf in which the following two claims were raised:

1. Petitioner's "sentence was 'manifestly excessive' and 'without sufficient reasons on the record'"; and,

2. "The trial court improperly 'relied upon the [Commonwealth's] inflammatory and inaccurate statements pertaining to an appeal of a sentence ordered on another unrelated docket.'"

(CP Dkt. No. 24, Commonwealth v. Keel, No. 1418 WDA 2008, slip op. at 6 (Pa.Super. May 7, 2009) (quoting Anders Brief at 3, 6)). Sloane also submitted an Anders brief and a motion for leave to withdraw.

---

[3] The sentence for the theft by unlawful taking charge merged with the robbery charge.

3

On May 7, 2009, the Superior Court issued a Memorandum in which it affirmed Petitioner's judgment of sentence and granted Sloane's motion to withdraw. It denied both of his claims on the merits. (CP Dkt. No. 24, Keel, No. 1418 WDA 2008, slip op. at 4-10).

On April 12, 2010, Petitioner filed a *pro se* motion under Pennsylvania's Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. § 9541 *et seq.* (CP Dkt. No. 26). The court appointed William J. Hathaway, Esquire, to represent him. Hathaway subsequently filed a counseled PCRA motion. It was asserted that an evidentiary hearing was required because it was Petitioner's contention that his guilty plea was invalid, primarily because his counsel had misadvised him regarding the sentence he could receive and because he had asked both of them to withdraw his plea and they had ignored his instruction. (CP Dkt. No. 30 at 2-5).

Judge Dunlavey presided over an evidentiary hearing on Petitioner's PCRA claims at which Petitioner, Attorney Placidi, and Attorney Sloane testified. Following the hearing, Judge Dunlavey issued the following relevant findings of facts:

1. [Petitioner] had competent representation in Gene Placidi, Esq., and Nicole Sloane, Esq.

2. Attorney Placidi made no guarantees or promises to [Petitioner] about (a) the length of the sentences he could potentially receive at this Docket or Docket 3028-2007; (b) whether he would be sentenced in the aggravated or standard range; or (c) whether these sentences would be concurrent or consecutive.

3. [Petitioner's] guilty plea at this Docket on May 5, 2008 was knowingly, intelligently, and voluntarily made.

4. The Court does not find credible [Petitioner's] claim that he did not read the Statement of Understanding, because Assistant District Attorney Baur and the Court read significant portions of that Statement to Defendant and [Petitioner] acknowledged that he understood what was read. N.T. Plea 5/5/08, pp. 4-10, 13-15.

5. The Court does not find credible [Petitioner's] assertion that he told Attorney Placidi he wished to withdraw his guilty plea either before or after said plea was entered.

4

- - -

8. The Court does not find credible [Petitioner's] claim that Attorney Sloane guaranteed he would be sentenced in the standard range.

9. The Court does not find credible [Petitioner's] claim that he requested Attorney Sloane to withdraw his guilty plea either before or after sentencing on this Docket on July 14, 2008. This assertion is contrary to the colloquy and statements made at sentencing, in which both the A.D.A. and the Court advised [Petitioner] of his post-sentencing rights. [Petitioner] acknowledged that he understood these. N.T. Sentencing 7/14/08 p. 5, lines 2-11, pp. 6-7.

10. Attorney Sloane indicated at sentencing that she did not anticipate an appeal (though one was later filed), supporting her testimony at the PCRA hearing … that [Petitioner] never asked her to withdraw his guilty plea. Id., p. 6, lines 2-3.

11. At sentencing [Petitioner] took the opportunity to express, through counsel, the acts committed and extended an apology to the Court and the community. Id., p. 8, lines 6-19.

12. The Court reviewed the pre-sentence report, and considered all relevant factors in fashioning a sentence. It noted that [Petitioner] began a violent course of conduct in 1981. Id., p. 12.

- - -

15. The Court finds credible the testimony of Attorneys Placidi and Sloane at the PCRA hearing[.]

16. The Court finds that neither attorney misled [Petitioner].

(CP Dkt. No. 34 at 1-3).

The PCRA Court concluded:

> [Petitioner] disputes the validity of his guilty plea in the instant PCRA. Commonwealth v. Martinez, 372 Pa.Super. 202, 539 A.2d 399 (1988). To prevail, he must show that his counsel's ineffectiveness caused him to enter the guilty plea. The Court has found as a matter of fact that neither Attorney Placidi nor Attorney Sloane was ineffective. Both attorneys discussed the possible range of sentences with [Petitioner], and did not make guarantees regarding the range of sentences or whether they would be consecutive or concurrent….
>
> Additionally, there is no causal nexus between the alleged ineffectiveness and the claimed involuntary or unknowing guilty plea…. Both Attorneys in this case met if not exceeded the threshold of competency required of criminal defense attorneys in advising

> [Petitioner] of the *possible range* of sentences he could receive. [Petitioner] was informed and was well aware of the maximum aggregate punishment that could be imposed for his conduct. See Commonwealth v. Rathfon, 899 A.2d 365 (Pa.Super. 2006); and Commonwealth v. Kulp, 476 Pa. 358, 382 A.2d 1209 (1978). Additionally, Defendant's Statement of Understanding of Rights Prior to Guilty/No Contest Plea, signed by him May 5, 2008 clearly states that the maximum he could receive was forty-five thousand dollars in fines and twenty-nine years' incarceration. The Court has not found credible [Petitioner's] assertions that he requested counsel to withdraw and was ignored.

(Id. at 3-4).

Petitioner, through Attorney Hathaway, filed an appeal with the Superior Court. Only one issue was raised in the appeal: that "[Petitioner's] entry of guilty pleas was rendered invalid based upon ineffective assistance of counsel as to misrepresentation of [his] sentencing exposure in advance of the plea proceedings." (CP Dkt. No. 47, Commonwealth v. Keel, No. 33 WDA 2011, slip op. at 2 (Aug. 12, 2011) (quoting Appellant's brief at 4)). On August 12, 2011, the Superior Court issued a Memorandum in which it held that given the PCRA Court's credibility determinations and findings of fact, Petitioner's claim had no merit. Accordingly, it affirmed the PCRA Court's decision to deny relief. (Id. at 2-9). The Supreme Court of Pennsylvania denied a Petition for Allowance of Appeal on December 7, 2011. (CP Dkt. No. 46).

Following the conclusion of his PCRA proceeding, Petitioner filed with this Court a petition for a writ of habeas corpus. [ECF No. 10]. He claims that his guilty plea was not knowingly, voluntarily, and intelligently made because: (1) the trial court "failed to inquire and/or address the six mandatory question[s] of the guilty plea"; and (2) Attorney Placidi assured him that he would be sentenced in the standard range if he pleaded guilty. Petitioner also claims, as he did in his direct appeal, that the trial court improperly relied upon the prosecutor's "inflammatory" and "highly prejudicial" statements pertaining to an appeal of a sentence ordered on another and unrelated docket. In his final claim, he

contends that the trial court erred when it "used the noll-process [sic] charge during sentencing to enhance the sentence[.]" [ECF No. 10 at 7-8].

Respondents have filed an Answer [ECF No. 11] and the state court record. Petitioner did not file a Reply. See Local Rule 2254(E)(2) (a petitioner "may file a Reply ... within 30 days of the date the respondent files its Answer.").

## **B.** **Discussion**

### **(1)** **Standard of Review**

This case is governed by the federal habeas statute applicable to state prisoners, 28 U.S.C. § 2254, as amended by the Antiterrorism and Effective Death Penalty Act of 1996, Pub.L. No. 104-132, 110 Stat. 1214, April 24, 1996 ("AEDPA"). Under this statute, habeas relief is only available on the grounds that Petitioner's judgment of sentence was obtained in violation of his federal constitutional rights. 28 U.S.C. § 2254(a). Errors of state law are not cognizable. See, e.g., Priester v. Vaughn, 382 F.3d 394, 402 (3d Cir. 2004) ("Federal courts reviewing habeas claims cannot 'reexamine state court determinations on state-law questions.'") (quoting Estelle v. McGuire, 502 U.S. 62, 67-68 (1991)). See also Real v. Shannon, 600 F.3d 302, 309-10 (3d Cir. 2010).

AEDPA "modified a federal habeas court's role in reviewing state prisoner applications in order to prevent federal habeas 'retrials' and to ensure that state-court convictions are given effect to the extent possible under law." Bell v. Cone, 535 U.S. 685, 693 (2002). It "requires federal courts collaterally reviewing state proceedings to afford considerable deference to state courts' legal and factual determinations." Lambert v. Blackwell, 387 F.3d 210, 234 (3d Cir. 2004). As codified at 28 U.S.C. § 2254(d), AEDPA provides:

7

An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was *adjudicated on the merits in State court proceedings* unless the adjudication of the claim–

(1) resulted in a decision that was *contrary to,*[4] or involved an *unreasonable application of*[5], *clearly established Federal law, as determined by the Supreme Court of the United States*; or

(2) resulted in a decision that was based on an *unreasonable determination of the facts in light of the evidence presented in the State court proceeding*.[6]

(Emphasis added).

Importantly, regardless of whether a state court has adjudicated a claim on the merits so as to invoke review under the standard set forth in § 2254(d), a federal habeas court must presume that all of

---

[4] "The test for § 2254(d)(1)'s 'contrary to' clause is whether the state court decision 'applies a rule that contradicts the governing law set forth in [the Supreme Court's] cases, or if it confronts a set of facts that is materially indistinguishable from a decision of [the Supreme] Court but reaches a different result.' Brown v. Payton, 544 U.S. 133, 141 (2005) (citing Williams v. Taylor, 529 U.S. 362, 405 (2000), and Woodford v. Visciotti, 537 U.S. 19, 24-25 (2002)). Of course, a state court's resolution of a question that the Supreme Court has not resolved can be neither contrary to, nor an unreasonable application of, the Court's precedent. See Kane v. Garcia Espitia, 546 U.S. 9 (2005)." Rountree v. Balicki, 640 F.3d 530, 537 (3d Cir. 2011) (bracketed text in original) (parallel citations omitted).

[5] "The test for § 2254(d)(1)'s 'unreasonable application of' clause is as follows: '[a]n 'unreasonable application' occurs when a state court 'identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts' of petitioner's case.' Rompilla v. Beard, 545 U.S. 374, 380 (2005) (quoting Wiggins v. Smith, 539 U.S. 510, 519, 520 (2003)). For purposes of § 2254(d)(1), '[i]t is not enough that a federal habeas court, in its independent review of the legal question, is left with a firm conviction that the state court was erroneous.' Lockyer v. Andrade, 538 U.S. 63, 75 (2003) (internal quotations omitted). "Under § 2254(d)(1)'s 'unreasonable application' clause ... a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly.' Id. at 75-76, 123 S.Ct. 1166 (quoting Williams v. Taylor, 529 U.S. 362, 411 (2000)). Rather, '[t]he state court's application of clearly established law must be objectively unreasonable' before a federal court may grant the writ. Andrade, 538 U.S. at 75." Rountree, 640 F.3d at 537 (parallel citations omitted).

[6] "The test for § 2254(d)(2)'s 'unreasonable determination of facts' clause is whether the petitioner has demonstrated by 'clear and convincing evidence,' § 2254(e)(1), that the state court's determination of the facts was unreasonable in light of the record. See Rice v. Collins, 546 U.S. 333, 338-339 (2006) ('State-court factual findings, moreover, are presumed correct; the petitioner has the burden of rebutting the presumption by 'clear and convincing evidence.' ') (quoting § 2254(e)(1)) (citing Miller-El v. Dretke, 545 U.S. 231, 240 (2005)); see also Simmons v. Beard, 590 F.3d 223, 231 (3d Cir. 2009) ('Under the § 2254 standard, a district court is bound to presume that the state court's factual findings are correct, with the burden on the petitioner to rebut those findings by clear and convincing evidence.'). Importantly, the evidence against which a federal court measures the reasonableness of the state court's factual findings is the record evidence at the time of the state court's adjudication. Cullen v. Pinholster, — U.S. — [ ], 131 S.Ct. 1388, 1401-03 (2011)." Rountree, 640 F.3d at 537-38 (parallel citations omitted).

the state court's *factual findings* are correct unless the presumption is rebutted by clear and convincing evidence. See, e.g., Palmer v. Hendricks, 592 F.3d 386, 392 (3d Cir. 2010) (citing 28 U.S.C. § 2254(e)(1)). See also Weeks v. Snyder, 219 F.3d 245, 259 (3d Cir. 2000) (quoting Marshall v. Lonberger, 459 U.S. 422, 434 (1983), for the proposition that habeas review does not permit a federal court to redetermine the credibility of witnesses whose demeanor has been observed by the state court); Miller-El v. Cockrell, 537 U.S. 322, 339-41 (2003).

### (2) Petitioner's Challenge to His Guilty Plea

A guilty plea operates as a waiver of important rights, and is valid, under federal law, only if done voluntarily, knowingly and intelligently, with a sufficient awareness of the relevant circumstances and likely consequences. See, e.g., Bradshaw v. Stumpf, 545 U.S. 175 (2005) (quoting Brady v. United States, 397 U.S. 742, 748 (1970)). Petitioner contends that his plea was not voluntarily, knowingly and intelligently entered because he was misadvised by counsel. Specifically, he contends that Attorney Placidi assured him that he would be sentenced in the standard range if he pleaded guilty. As set forth above, Judge Dunlavey found as fact that neither Attorney Placidi nor Attorney Sloane made any guarantees or promises to Petitioner regarding the length of the sentences he could potentially receive or whether he would be sentenced in the aggravated or standard range. This Court is bound by those factual findings and for that reason alone this claim fails.

Moreover, the Superior Court's subsequent decision denying this claim easily satisfies ADEPA's standard of review at 28 U.S.C. § 2254(d). The record demonstrates that Petitioner was advised in advance of his plea that he could receive a sentence of up to 29 years. Petitioner has failed to demonstrate that either Placidi or Sloane were ineffective in failing to accurately apprise him of his possible sentencing exposure, and he certainly has not established that the Superior Court's rejection of

9

this claim was contrary to or an unreasonable application of Strickland v. Washington, 466 U.S. 668 (1984)[7] or an unreasonable determination of the facts. 28 U.S.C. § 2254(d).

Petitioner also claims that his plea was not knowingly, intelligently, or voluntarily entered in violation of his due process rights because the court did not "inquire and/or address the six (6) mandatory question[s] of the guilty plea colloquy[.]" [ECF No. 10 at 7].[8] To understand his reference to the "six mandatory questions," the Court turns to Rule 590 of the Pennsylvania Rules of Criminal Procedure, Pleas and Plea Agreements. In the Comment to that rule, it is explained that an inquiry must be made into the following areas in order to determine that voluntariness of the plea and whether the defendant is acting knowingly and intelligently:

(1) Does the defendant understand the nature of the charges to which he or she is pleading guilty or nolo contendere?

(2) Is there a factual basis for the plea?

(3) Does the defendant understand that he or she has the right to trial by jury?

---

[7] The "clearly established Federal law" for AEDPA purposes in which to analyze an ineffective assistance of counsel claim is set forth in Strickland v. Washington, 466 U.S. 668 (1984). Under Strickland, a petitioner must show that his former counsels' representation fell below an objective standard of reasonableness. 466 U.S. at 688; see also Williams, 529 U.S. at 390-91. Strickland also requires that a petitioner demonstrate that he was prejudiced by his counsels' alleged deficient performance. This requires a showing "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of [his trial or his appellate] proceeding would have been different." Id. at 694.

[8] This claim is not exhausted because Petitioner never raised it to the Superior Court on either direct or PCRA review. The exhaustion requirement is "grounded in principles of comity; in a federal system, the States should have the first opportunity to address and correct alleged violations of state prisoner's federal rights." Coleman v. Thompson, 501 U.S. 722, 731 (1991). See also O'Sullivan v. Boerckel, 526 U.S. 838, 842-49 (1999). Importantly, in order to exhaust a claim, a petitioner must "fairly present" it to *each level* of the state courts. See, e.g., Lines v. Larkins, 208 F.3d 153, 159 (3d Cir. 2000) (citing 28 U.S.C. § 2254(b)); O'Sullivan, 526 U.S. at 848. In Pennsylvania, this requirement generally means that a petitioner in a non-capital case must have presented every federal constitutional claim raised in his habeas petition to the Common Pleas Court and then to the Superior Court either on direct or PCRA appeal. See, e.g., Lambert, 387 F.3d at 233-34. Because Petitioner never raised this claim to the Superior Court, it is procedurally defaulted. See, e.g., Lines, 208 F.3d at 160; Werts v. Vaughn, 228 F.3d 178, 192 (3d Cir.2000). Like the exhaustion doctrine, the doctrine of procedural default is "grounded in concerns of comity and federalism," Coleman, 501 U.S. at 730, and it bars federal habeas review of a claim whenever the petitioner failed to raise it in compliance with a state's procedural rules. Edwards v. Carpenter, 529 U.S. 446, 451 (2000); Wainwright v. Sykes, 433 U.S. 72 (1977); Lines, 208 F.3d at 162-69.
In their Answer, Respondents erroneously state that Petitioner exhausted all of his claims. Therefore, in an abundance of caution, the Court shall review this claim on the merits. 28 U.S.C. § 2254(b)(2) ("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State.").

> (4) Does the defendant understand that he or she is presumed innocent until found guilty?
>
> (5) Is the defendant aware of the permissible range of sentences and/or fines for the offenses charged?
>
> (6) Is the defendant aware that the judge is not bound by the terms of any plea agreement tendered unless the judge accepts such agreement?

Comment to Pa.R.Crim.P. 590.

Petitioner's allegation that the trial court failed to comply with requirements of Rule 590 is a state law claim that is not cognizable in federal habeas. In any event, each of the six areas outlined in that rule were explored with Petitioner at his May 5, 2008, Plea Hearing and in the Defendant's Statement Of Understanding Of Rights Prior To Guilty (CP Dkt. No. 10), which he signed at the hearing. To the extent that Petitioner's complaint is that the prosecutor, and not the judge, reviewed some of the areas with him, that claim fails because, as the Superior Court has explained, Pennsylvania law does not require that the judge make the inquires of the defendant:

> [T]he examination may be conducted by defense counsel or the attorney for the Commonwealth, as permitted by the judge. Comment, Pa.R.CRIM.P. 590. Moreover, the examination does not have to be solely oral. Nothing precludes the use of a written colloquy that is read, completed, and signed by the defendant, made part of the record, and supplemented by some on-the-record oral examination. Id.

Commonwealth v. Moser, 921 A.2d 526, 529 (Pa.Super. 2007).

Based upon all of the foregoing, Petitioner's claims that his guilty plea was not voluntarily, knowingly and intelligently entered are denied.

### (3) Petitioner's Challenge To His Sentence

Petitioner's final two claims are challenges to the sentence that the trial court imposed. Sentencing is generally considered a matter of state criminal procedure, which does not fall within the purview of federal habeas review. See, e.g., Chapman v. United States, 500 U.S. 453, 465 (1991); Jones

11

v. Superintendent of Rahway State Prison, 725 F.2d 40, 42-43 (3d Cir. 1984). Thus, unless an issue of constitutional dimension is implicated in a sentencing argument, see, e.g., 3 Charles A. Wright, et al., Federal Practice and Procedure: Crim. § 550, Constitutional Limits on the Sentencing Decision (4th ed. updated April 2012), this Court is without power to grant habeas relief.

Petitioner's claim that the trial court abused its discretion by considering one of his nolle prossed charges in setting his sentence in the aggravated range fails to implicate his federal constitutional rights and thus is not cognizable.[9] Petitioner also claims that the prosecutor engaged in misconduct at his sentencing. He argues that the trial court improperly relied upon the prosecutor's "inflammatory" and "highly prejudicial" statements pertaining to an appeal of a sentence ordered on another and unrelated docket. [ECF No. 10 at 7-8]. The Third Circuit Court has explained:

> The Supreme Court has held that federal habeas relief may be granted when the "prosecutorial misconduct may 'so infec[t] the trial with unfairness as to make the resulting conviction a denial of due process.'" Greer v. Miller, 483 U.S. 756, 765, 107 S.Ct. 3102, 97 L.Ed.2d 618 (1987) (quoting Donnelly v. DeChristoforo, 416 U.S. 637, 643, 94 S.Ct. 1868, 40 L.Ed.2d 431 (1974)). The Court further opined that for due process to have been offended, "the prosecutorial misconduct must be 'of sufficient significance to result in the denial of the defendant's right to a fair trial.'" Id. (citing United States v. Bagley, 473 U.S. 667, 676, 105 S.Ct. 3375, 87 L.Ed.2d 481 (1985) (quoting United States v. Agurs, 427 U.S. 97, 108, 96 S.Ct. 2392, 49 L.Ed.2d 342 (1976))). See also Ramseur v. Beyer, 983 F.2d 1215, 1239 (3d Cir. 1992) (our review of a prosecutor's conduct in a state trial in a federal habeas proceeding is limited to determining whether the prosecutor's conduct "'so infect[ed] the trial with unfairness as to make the resulting conviction a denial of due process.'" (quoting Greer, 483 U.S. at 765, 107 S.Ct. 3102)). This determination will, at times, require us to draw a fine line- distinguishing between ordinary trial error on one hand, and "'that sort of egregious misconduct which amounts to a denial of constitutional due process'" on the other hand. Ramseur, 983 F.2d at 1239 (quoting United States ex rel. Perry v. Mulligan, 544 F.2d 674, 678 (3d Cir. 1976)).
>
> In evaluating whether the remarks of the prosecutor rise to the level of a constitutional violation, we are required to examine those remarks in the context of the whole trial. Ramseur, 983 F.2d at 1239 (citing Greer, 483 U.S. at 766, 107 S.Ct. 3102). The remarks must be sufficiently prejudicial in the context of the entire trial to violate a petitioner's

---

[9] Because Petitioner failed to raise this claim to the Superior Court, he did not exhaust it and it is procedurally defaulted. See supra footnote 8.

due process rights. Greer, 483 U.S. at 766, 107 S.Ct. 3102 (citing Donnelly v. DeChristoforo, 416 U.S. at 639, 94 S.Ct. 1868).

Werts, 228 F.3d at 197-98.

The Superior Court denied this claim because, even if the prosecutor had made an improper argument (a point Petitioner did not establish), [10] he suffered no harm:

> Appellant's … argument that the trial court impermissibly considered statements by the District Attorney pertaining to a nonexistent appeal of a sentence in an unrelated case is likewise without merit. In explaining Appellant's sentence, the trial court made no mention of an unrelated case, other than to clarify that the sentence imposed would be consecutive to "any other sentences out there that have been imposed by the Commonwealth and other entities." N.T., 7/14/08 at 16-17. In fact, the trial court specified that "the sentence imposed upon [Appellant] by [another judge] on similar charges was irrelevant to the sentence handed down by this Court on July 14, 2008." Trial Court Memorandum Opinion, 10/22/08, at 1.

(CP Dkt. No. 24, Keel, No. 1418 WDA 2008, slip op. at 9 (bracketed text in Superior Court's Memorandum). Petitioner has not demonstrated that the Superior Court's adjudication "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d).

Based upon all of the foregoing, Petitioner's challenges to the sentence imposed are denied.

**C.     Certificate of Appealability**

AEDPA codified standards governing the issuance of a certificate of appealability for appellate review of a district court's disposition of a habeas petition. 28 U.S.C. § 2253 provides that "[a] certificate of appealability may issue ... only if the applicant has made a substantial showing of the denial of a constitutional right." Where the district court has rejected a constitutional claim on its merits,

---

[10]     There was no finding by the state court that any statement made by the prosecutor was improper.

"[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484 (2000). Applying that standard here, jurists of reason would not find it debatable whether Petitioner's claims should be denied. Accordingly, a certificate of appealability is denied.

## II.

For the reasons set forth above, the petition for a writ of habeas corpus is denied and a certificate of appealability is denied. An appropriate Order follows.

Dated: February 1, 2013

/s/ Susan Paradise Baxter
SUSAN PARADISE BAXTER
United States Magistrate Judge

```
                    IN THE UNITED STATES DISTRICT COURT
                   FOR THE WESTERN DISTRICT OF PENNSYLVANIA

ANDREW AIMEE KEEL,                  )
        Petitioner,                 )       Civil Action No. 11-318 Erie
                                    )
        v.                          )
                                    )       Magistrate Judge Susan Paradise Baxter
SUPERINTENDENT COLEMAN, et al.,     )
        Respondents.                )
```

## ORDER

AND NOW, this 1st day of February, 2013;

IT IS HEREBY ORDERED that the petition for a writ of habeas corpus is DENIED and a certificate of appealability is DENIED. The Clerk of Courts is directed to close this case.


/s/ Susan Paradise Baxter
SUSAN PARADISE BAXTER
United States Magistrate Judge